# THE McGOVERN GRANITE COMPANY
vs.
## VETERANS' HOME COMMISSION

Superior Court    Hartford County    File #56966

Present:   Hon. ARTHUR F. ELLS, Judge.

Frederick H. Waterhouse,    Attorney for the Plaintiff.

Charles J. McLaughlin,
  Attorney General;
Leo V. Gaffney,
  Assistant Attorney General, Attorneys for the Defendant.

**MEMORANDUM FILED FEBRUARY 7, 1938.**    124 Conn. 304

ELLS, J.   For many years the State of Connecticut has caused headstones to be erected at the graves of veterans, and the Adjutant General as its agent has bought these stones from the plaintiff, the McGovern Granite Co., according to a series of written contracts.

The two contracts specifically in issue are Exhibits A and B.   Ex. A is a contract, similar to its predecessors, and between the same parties, for five years from January 5, 1935.

At the 1935 session of the General Assembly the Veterans' Home Commission was substituted for the Adjutant General and was made the agent and representative of the State in the erecting of the headstones.

In July 1935 the Veterans' Home Commission entered into a contract with the plaintiff, being Ex. B.   It contains substantially the same contractual provisions, the only real difference being that the Veterans' Home Commission is substituted for the Adjutant General as a contracting party, and the term of the contract is two years from July 1, 1935.   There is no

express provision abrogating the other contract. And thus arises the issue of this case: there was a valid contract for five years, expiring in 1940, but during its term the plaintiff voluntarily entered into a new contract, with the same subject matter, expiring in 1937. The plaintiff claims the older contract, Ex. A is still in force, and until 1940; the defendant claims it was abrogated or suspended or terminated by the new contract, and that the contractual relationship expired July 1, 1937.

In 1935, following the passage of the new law, the new agent, the Veterans' Home Commission, acting expressly on behalf of the State of Connecticut, presented the new contract to the McGovern Company and the Company, acting by Mr. McGovern, voluntarily signed and executed it. He knew it shortened the expiration date of the previous one. There was no fraud, no misrepresentation, no mistake. He knew that it was presented to him because of the change in law as to the State agency. He has proceeded according to its terms ever since he signed it. I must find as a fact that the mutual intention was that it was to supersede or abrogate the previous contract. The evidence, the circumstances, and reason all clearly support this finding. There can be no valid claim that both existed in part, that one supplemented the other in some particulars, leaving the other to function as to other particulars. The subject matter is the same.

Having found these facts, it seems to this Court that the case of **Riverside Coal Co. vs. American Coal Co., 107 Conn. 40, 47,** is decisive as to the law. "As a general rule, when the new contract is in regard to the same matter and has the same scope as the earlier contract and the terms of the two are inconsistent either in whole or in a substantial part, so that they cannot subsist together, the new contract abrogates the earlier one in toto and takes its place, even though there is no express agreement that the new contract shall have that effect."

This new contract "is in regard to the same matter and has the same scope as the earlier contract". The terms of the two are inconsistent "in a substantial part, so that they cannot subsist together", for the later contract changes and shortens the expiration date. Add to all this the fact that it was the intention of the parties to substitute the later contract for the earlier one. And it is this fact upon which I rely most. The plaintiff was furnishing headstones under an existing contract, which I will call the first contract. The new State agency

presented a second contract with the same subject matter but for a shorter term. That shorter term was obviously a material inconsistency. The parties discussed it, and the reason for it, and Mr. McGovern agreed to it, and signed it, and intended that it should operate as a substitute contract, and from then on proceeded according to its terms. As plaintiff's brief well says, the legislature could not do away with the first contract. But the McGovern Company could and did, by means of a substitute contract. Its intent and effect was that instead of operating under the first contract, the parties operated under the second and that it was understood to be and was a substitute contract. No change in the term could be made without the plaintiff's consent, the brief says. That is also true. But it could be, and was, made by the plaintiff's express, contractual consent.

I do not rely entirely on the language of the second contract, and say that that alone clearly places it in the category of substitute contracts. The surrounding circumstances are important, and of perhaps primary interest is the testimony of Mr. McGovern, particularly including the questions asked by the Court. I became satisfied that in executing and proceeding under the second contract the parties intended to and did execute it as a substitute contract.

As to the Second Special Defense: In the contract, Ex. A, the McGovern Company agrees to furnish headstones "as they may be ordered from time to time by the said Adjutant General". The Adjutant General agrees to pay "thirty-five dollars for every headstone ordered by the Adjutant General . . . after it has been inspected . . ." He does not agree to buy all or any headstones from the plaintiff, but merely to pay a certain price for such stones as he may order. The State contends that therefore if the contract is good, and is breached by the State, the plaintiff nevertheless is not entitled to the declaratory judgment it seeks, because it would be unable to show any damage. There is much law to support the State's contention. I do not here enter into an extended discussion, for the decision on the first special defense is decisive of the whole question, and I prefer to rely principally upon it.

A declaratory judgment may be entered determining that Ex. A is not now in force and effect, but that it was superseded and abrogated by Ex. B; and that Ex. B was a substitute contract and that the Adjutant General is not legally bound to

order all headstones authorized by **Section 1962 of the General Statutes, Revision of 1930,** from the plaintiff up to January 5, 1940.